# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TAYLOR PUBLISHING COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **CTP INNOVATIONS LLC,** | § | Civil Action No. 3:13-cv-2222 |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Taylor Publishing Company ("Taylor Publishing") alleges for its complaint against Defendant CTP Innovations LLC ("CTP"), as follows:

### I. PARTIES

1. Taylor Publishing is a company incorporated under the laws of Delaware, with a principle place of business at 1550 W. Mockingbird Lane, Dallas, Texas 75235. Taylor Publishing is in the business of book publishing – specifically the business of publishing academic yearbooks.

2. On information and belief, CTP is a company incorporated under the laws of Delaware. CTP may be served at the office of its registered agent, Delaware Intercorp, Inc., located at 113 Barksdale Professional Center, Newark, Delaware 19711-3258.

3. According to the Certificate of Formation from the Office of the Secretary of State of Delaware, CTP was formed as a corporate entity on March 1, 2013.

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 1

4. On information and belief, CTP owns or has interest in U.S. Patent No. 6,611,349 ("the '349 patent"), entitled "System and Method of Generating a Printing Plate File in Real Time Using a Communication Network" and U.S. Patent No. 6,738,155 ("the '155 patent"), entitled "System and Method of Providing Publishing and Printing Services via a Communications Network."

5. True and correct copies of the '349 and '155 patents are attached as Exhibits A and B.

## II. JURISDICTION AND VENUE

6. This is a declaratory judgment action seeking judgments of non-infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202. The matter in controversy exceeds the minimum jurisdictional requirements of this Court, exclusive of interest and costs. There is an actual case and controversy between the parties within this Court's jurisdiction, regarding infringement of the '349 and '155 patents, as a result of CTP's licensing and enforcement activities and infringement allegations toward technology utilized by Taylor Publishing.

8. This Court has personal jurisdiction over CTP, as CTP has sufficient contacts with this State and, in particular, this Judicial District, and maintenance of the suit in this Judicial District does not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this District pursuant to 28 USC §§ 1391 and 1400. The Defendant is doing business in this District, and a substantial part of Plaintiff's claims arise in this Judicial

District.  Among other things, Defendant has attempted to license the '349 patent and '155 patent in this judicial district.

### III.  FACTS

10. On April 19, 2013, CTP sent Taylor Publishing a letter asserting that Taylor Publishing's technology infringes certain claims of the '349 and '155 patents.  CTP's letter included four "checklists," which CTP contends establish the scope of the two patents.  A copy of the letter is attached as Exhibit C (hereinafter referred to as "CTP's Letter").

11. CTP's Letter stated that it was willing to offer Taylor Publishing a fully paid-up, one-time license for the '349 and '155 patents for a fee of $75,000, if an agreement was reached within two weeks from the date of CTP's Letter.

12. CTP's Letter also stated that its licensing demand would increase by $20,000, to a fee of $95,000, if an agreement was not reached until three weeks from the date of CTP's Letter.

13. Counsel for CTP and counsel for Taylor Publishing subsequently discussed CTP's Letter and the claims therein on multiple occasions.  Most recently, on June 11, 2013, counsel for CTP contacted counsel for Taylor Publishing to discuss CTP's Letter and the claims therein.  Based on the conversation between the parties, it became clear that the parties would not reach an informal resolution to this matter.

14. As a result of CTP's Letter and its actions, Taylor Publishing has a reasonable apprehension of being sued by CTP for infringement of the '349 and '155 patents.

15. In light of the aforementioned deadlines imposed by CTP and the fact that the parties have not reached an informal agreement, this controversy is of sufficient immediacy and reality to justify the issuance of a declaratory judgment regarding the parties' respective rights as they relate to the '349 and '155 patents.

## IV.  CAUSES OF ACTION

### COUNT ONE – DECLARATORY JUDGMENT

16. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs.

17. An actual existing and bona fide controversy exists between Taylor Publishing and CTP concerning the scope and infringement of the '349 and '155 patents.

18. CTP's Letter contains "checklists" which contain language that roughly corresponds to certain claims in the '349 and '155 patents. It is thus possible to discern which claims CTP alleges that Taylor Publishing infringes by comparing the claim language in the '349 and '155 patents to the checklists in CTP's Letter. Such a comparison reveals that CTP intends to allege that Taylor Publishing infringes Claims 4 of the '349 Patent. However, Taylor Publishing denies that it infringes Claim 4 of the '349 Patent. Among other reasons, Taylor Publishing does not infringe Claim 4 of the '349 Patent because the technology employed by Taylor Publishing does not perform, at least, the following limitation of Claim 4: "A method of generating a plate-ready file configured for the creation of a printing plate, said plate-ready file being associated with page layouts and being provided in real time from a remote location using a communication network, the method comprising… *establishing links to said imaging files, thereby creating a thin Postscript file from the page layout designed by the remote user*."

19. A comparison of the checklists in CTP's Letter to the language of the '155 patent also

reveals that CTP intends to allege that Taylor Publishing infringes Claims 10 of the '155 Patent. However, Taylor Publishing denies that it infringes Claims 10 of the '155 Patent. For example, Taylor Publishing does not infringe Claim 10 of the '155 Patent because the technology employed by Taylor Publishing does not perform, at least, the following limitation of Claim 10: "A method of providing printing and publishing services to a remote client in real time using a communication network, the method comprising...*providing said plate-ready file to a remote printer*."

20. Taylor Publishing seeks a declaratory judgment that Taylor Publishing does not infringe and has not infringed either directly, indirectly, by contribution or by inducement, or in any other way, any claim of the '349 and '155 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

21. Taylor Publishing seeks a declaratory judgment that Taylor Publishing's use of the accused technology is lawful.

22. Because there exists a real and justiciable controversy regarding infringement of the '349 and '155 patents, this Court should make a declaration that Taylor Publishing does not infringe the '349 and '155 patents.

## V. JURY DEMAND

23. Plaintiff demands that all claims and causes of action raised in this complaint against Defendant be tried to a jury.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Taylor Publishing prays for the following relief:

A. A declaratory judgment that Plaintiff does not infringe and has not infringed, directly or indirectly, by inducement or contributorily, any claim of the '349 and '155 patents, either literally or by the doctrine of equivalents, willfully or otherwise;

B. A judgment finding this case exceptional and awarding Plaintiff its costs and reasonable attorneys' fees under 35 U.S.C. § 285; and

C. A judgment awarding Plaintiff such other and/or further relief as is just and equitable.

Respectfully submitted,

  s/ John M. Jackson
John M. Jackson
Texas Bar No. 24002340
Nathaniel St. Clair, II (*Application Pending*)
Texas Bar No. 24071564
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202-3797
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

Lawrence A. Waks
Texas Bar No. 20670700
**JACKSON WALKER L.L.P.**
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Facsimile:  (512) 236-2002

*ATTORNEYS FOR PLAINTIFF,*
*TAYLOR PUBLISHING COMPANY*